UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JAMES EARL LINDSEY, | Case No. 22-cv-06539-LB |
| Plaintiff, | |
| v. | **SCREENING ORDER** |
| LEZLIE MATTISON, | Re: ECF No. 1 |
| Defendant. | |

### INTRODUCTION

The plaintiff James Earl Lindsey, who represents himself and is proceeding in forma pauperis, sued his former public defender in Sonoma County for not filing motions to suppress evidence seized from a search warrant or challenge a photo lineup. He claims that this was ineffective assistance in violation of the Sixth Amendment, conspiracy against him in violation of 18 U.S.C. § 241, and deprivation of his rights under 18 U.S.C. § 242.

Before directing the United States Marshal to serve the defendants with the complaint, the court must screen it for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). The plaintiff has not plausibly pleaded a claim: he cannot sue his lawyer for not filing motions, and there is no private right of action under §§ 241 and 242, which are criminal statutes. The court notifies Mr. Lindsey of the deficiencies in his complaint and allows him to file an amended complaint by August 2, s2023. If he does not, then the court may recommend dismissing the complaint.

ORDER – No. 22-cv-06539-LB

# STATEMENT

Lezlie Mattison was Mr. Lindsey's public defender in Sonoma County. Mr. Lindsey alleges that she knew that the Santa Rosa police (1) fabricated a search-warrant affidavit and the statement of probable cause in it and (2) conducted a botched photo lineup by showing the victim a photograph of the plaintiff minutes before the lineup and by using a photo of Mr. Lindsey that was much larger than the other photographs in the array. She refused to file a motion to suppress evidence from the search warrant or a *Wade* motion to challenge the photo lineup, allegedly for fear of losing her job.[1] *See United States v. Wade*, 388 U.S. 218 (1967) (right to counsel at a lineup held after indictment). Mr. Lindsey also filed a *Marsden* motion challenging her lack of action. *People v. Marsden*, 2 Cal. 3d 118 (1970) (defendants can file a motion for new court-appointed counsel based on ineffectiveness). She then retaliated against him by having him evaluated for competency under California Penal Code § 1368. *See* Cal. Penal Code § 1368 (state law governing a defendant's mental competency to stand trial). She said nothing at the *Marsden* hearing or at his preliminary hearing.[2]

Mr. Lindsey claims that this denied him a right to a fair trial, violated his Sixth Amendment right to effective assistance of counsel, was an unlawful conspiracy in violation of 18 U.S.C. § 241, and denied him of his rights under 18 U.S.C. § 242.[3] He asks for $1 million in damages. The court previously granted Mr. Lindsey's motion to proceed in forma pauperis but reserved service.[4] Mr. Lindsey declined magistrate-judge jurisdiction.[5]

# STANDARD OF REVIEW

A complaint filed by a person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is

---

[1] Compl. – ECF No. 1 at 2 (¶¶ 2–3). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id*. at 2–3 (¶ 4).

[3] *Id*. (¶¶ 3–4).

[4] Order – ECF No. 5.

[5] Declination – ECF No. 3.

subject to a mandatory, sua sponte review and dismissal by the court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Under § 1915(e)(2), a court reviewing an in forma pauperis complaint must rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1126–27. "The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

"Frivolousness" under § 1915(e) and failure to state a claim under Rule 12(b)(6) are distinct concepts.

"A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The definition of frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has "the unusual power to pierce the veil of the complaint's factual allegations," meaning that the court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Frivolous claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* "An in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. But "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* Frivolous litigation "is not limited to cases in which a legal claim is entirely without merit. . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally

false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

Under Rule 12(b)(6) and § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (cleaned up).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (cleaned up).

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (cleaned up).

## ANALYSIS

Mr. Lindsey does not state a claim.

First, a public defender does not act under color of state law (an essential element of an action under 42 U.S.C. § 1983) when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. *Polk Cnty. v. Dodson*, 454 U.S. 312, 318–19 (1981); *accord Vermont v. Brillon*, 556 U.S. 81, 93 (2009). Mr. Lindsey challenges only his former lawyer's traditional functions and thus does not state a claim.

Second, action under color of state law can be found if a plaintiff can plead and prove facts that show that the public defender conspired with state officials. *See Tower v. Glover*, 467 U.S. 914, 919–20 (1984); *Dennis v. Sparks*, 449 U.S. 24, 29 (1980). But Mr. Lindsey did not allege any facts about conspiracy: he challenges only his lawyer's ineffectiveness by not pursuing motions about the sufficiency of the search-warrant affidavit and the legality of the photo lineup.

Third, another issue is *Heck v. Humphrey*, 512 U.S. 477 (1994). "[I]n order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87; *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1098 n.4 (9th Cir. 2004) (*Heck* applies to claims brought under 42 U.S.C. §§ 1983, 1985 and 1986). A claim for damages for "a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 487. It seems unlikely that Mr. Lindsey can allege a claim that is not barred by *Heck*, which may be why he sued his public defender for ineffectiveness. But that claim cannot be raised in a § 1983 action.

Fourth, Mr. Lindsey also claims violations of two federal criminal statutes: 18 U.S.C. § 241, which prohibits conspiracy to deny others their rights under the U.S. Constitution and laws, and 18 U.S.C. § 242, which prohibits the deprivation of another person's rights under color of law on account that person's being an alien or by reason of his color or race. These are criminal statutes

that do not provide private right of action and thus do not convey federal jurisdiction. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Sepehry-Fard v. Bank of N.Y. Mellon, N.A.*, No. 12-cv-1260-LHK, 2012 WL 4717870, at *4 (N.D. Cal. Oct. 2, 2012).

## CONCLUSION

Mr. Lindsey may file an amended complaint against the defendant if he can cure the complaint's deficiencies. The deadline to file the amended complaint is August 2, 2023. Alternatively, if he agrees that he cannot state a claim, he may file a notice of voluntary dismissal by that date. If Mr. Lindsey does not file an amended complaint or a notice of dismissal by August 2, 2023, the court will reassign the case and recommend that it be dismissed.

**IT IS SO ORDERED.**

Dated: July 5, 2023

LAUREL BEELER
United States Magistrate Judge